UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DENIS MOISEEV,

                    Petitioner,                          Case No. 1:26-cv-2036

v.                                                       Honorable Paul L. Maloney

U. S. DEPARTMENT OF HOMELAND
SECURITY,

                    Respondent.
_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, filed

this third petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the

lawfulness of Petitioner's detention. For the following reasons, the Court will deny Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current

detention following orders issued by the Detroit Immigration Court denying him bond and denying

his request for a new bond hearing due to a change in circumstances, and he asks the Court to,

*inter alia*, issue a writ of habeas corpus ordering Respondent to release Petitioner. (Pet., ECF No. 1,

PageID.11.)

In an order entered on July 13, 2026, the Court directed Respondent to show cause, within

three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 4.) Respondent filed its response on July 16, 2026, (Resp., ECF No. 5), and Petitioner filed his Reply on July 17, 2026, (Reply, ECF No. 8).[1]

## II.     Relevant Factual Background

"Petitioner is a citizen of Russia who was admitted to the United States as a B2 nonimmigrant visa holder with authorization to remain in the United States for a temporary period; however, Petitioner remained in the United States beyond the time authorized." Op., *Kandashkina v. Unknown Party #1* (*Kandashkina I*),[2] No. 1:26-cv-1043 (W.D. Mich. Apr. 15, 2026), (ECF No. 7).

On March 30, 2026, in *Kandashkina I*, Petitioner filed a § 2241 petition challenging the constitutionality of the Immigration Court's October 20, 2025, bond denial. In *Kandashkina I*, the Court denied Petitioner's petition without prejudice because "although Petitioner challenges his detention generally, Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment and he does not contend that he ever sought a second custody redetermination hearing based upon the dismissal of [his] criminal charges." *Id.*

On May 5, 2026, in *Kandashkina v. Raycraft* (*Kandashkina II*), No. 1:26-cv-1446 (W.D. Mich.), Petitioner filed a second § 2241 petition challenging the constitutionality of his detention following the orders issued by the Detroit Immigration Court denying him bond and denying his request for a new bond hearing due to a change in circumstances. Op., *Kandashkina II*, (W.D. Mich. May 20, 2026), (ECF No. 8, PageID.77, 80–81). In *Kandashkina II*, the Court, relying upon

---

[1] Petitioner filed a Motion to Accept Late Response (ECF No. 7), with his Reply to Respondent's Response (ECF No. 8), requesting permission to extend time to file his Reply out of time. Petitioner's Reply was timely filed as per the Court's Order to Show Cause. (ECF No. 4.) As his Reply was timely filed, Petitioner's Motion to Accept Late Response is moot.

[2] Kandashkina proceeded as next friend to Petitioner in *Kandashkina I* and *II*. (*See* discussion of next friend status in *Kandashkina II*, Op., No. 1:26-cv-1446, ECF No. 1-2, PageID.66.)

the reasoning and conclusion in *Kandashkina I*, denied Petitioner's petition without prejudice because "[a]fter the denials of his requests for a new bond hearing due to a change of circumstances, Petitioner has not appealed the denials to the Board of Immigration Appeals." Op., *Kandashkina II*, (W.D. Mich. May 20, 2026), (ECF No. 8, PageID.81).

### III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)).

> Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot.

*Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

3

## IV.    Merits Discussion

In Petitioner's present § 2241 petition, Petitioner challenges his continued detention in ICE custody. (Pet., ECF No. 1.) He contends first that his September 11, 2025, arrest and detention by ICE was unlawful under the Fifth Amendment and the Immigration and Nationality Act (INA) because the arrest warrant was defective and invalid. (Pet., ECF No. 1, PageID.10.) Second, Petitioner complains generally that the result of his October 20, 2025, bond hearing violates the Fifth Amendment and the INA. (*Id.*, PageID.11.) Finally, he asserts that he has exhausted his administrative remedies, but he also claims that exhaustion is futile.

In this action, Petitioner again challenges the outcome of the October 20, 2025, bond hearing but Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment.[3] (*See generally* Pet., ECF No. 1.) Petitioner attaches documents to his petition to show that he has appealed the results of the October 20, 2025, custody redetermination hearing and the April 14, 2026, custody redetermination request denial to the Board of Immigration Appeals (BIA) on July 2, 2026, and it appears that those appeals remain pending. (*See* Pet., ECF No. 1-3, PageID.75–94.) Under these circumstances, Petitioner fails to raise a constitutional issue in this petition; thus, he does not raise a case or controversy that can be addressed here. Accordingly, the Court will deny Petitioner's § 2241 petition without prejudice.

---

[3] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's current § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims pertaining to the constitutionality of the October 20, 2025, bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:   August 6, 2026                         /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge